IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DAVID PRICE,<br>   *Plaintiff*, | § § § § § § | |
| v. | § § § | Case No.: _____<br>Jury |
| LOWE'S HOME CENTERS, LLC,<br>   *Defendant*. | § § § | |

**COMPLAINT**

Plaintiff David Price brings this action against Defendant Lowe's Home Centers, LLC.

**Nature of the Case**

1.    This is an employment discrimination case. It is based on age. The employment action giving rise to this lawsuit is a discharge.

2.    Price contends that Lowe's decision/conduct referenced in paragraph 1 *supra* constitutes unlawful discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("Prohibition of age discrimination")("ADEA").

**Parties**

3.    Plaintiff David Price is an individual. He resides in Mount Vernon, Franklin County, Texas.

    A.    Price was formerly an "employee," as that word is defined in 29 U.S.C. § 630(f), of Defendant Lowe's Home Centers, LLC.

    B.    Defendant Lowe's Home Centers, LLC was formerly an "employer," as that term is defined in 29 U.S.C. § 630(b), of Price.

(1) Defendant Lowe's Home Centers, LLC had twenty or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2018.

(2) Defendant Lowe's Home Centers, LLC had twenty or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2017.

4. Defendant Lowe's Home Centers, LLC ("Lowe's") is an active North Carolina corporation.

5. Lowe's corporate office is in Wilkesboro, North Carolina.

6. Lowe's may be served with process by serving its registered agent, which is **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**.

7. From January 1, 2018 through June 26, 2018, Lowe's operated as a subsidiary of Lowe's Companies Inc.

A. Lowe's currently operates as a subsidiary of Lowe's Companies Inc.

## Jurisdiction

8. This Court has original, subject matter jurisdiction over this action because Price's ADEA claim presents a federal question. *See* 28 U.S.C. §1331; *see also* 28 U.S.C. §1343(a)(4) ("civil rights").

9. The Court has personal jurisdiction, both specific and general, over Lowe's because Lowe's conducts business in Texas, Price's claim for relief arose in Texas, and Lowe's is amenable to service by this Court.

## Venue

10. Venue is proper in this judicial district because a substantial part of the events or

omissions giving rise to Price's ADEA claim occurred here. *See* 28 U.S.C. §1391(b)(2).

## Material Facts

11. Lowe's operates home improvement stores. As of May 13, 2016, Lowe's and its corporate parent operated more than 1,840 stores across North America.

12. Lowe's currently operates a facility at 955 Lowes Lane in Mount Vernon, Franklin County, Texas.

13. In June 2018, Lowe's operated a facility at 955 Lowes Lane in Mount Vernon, Franklin County, Texas 75457.

14. Lowe's currently operates a Distribution Center at 955 Lowes Lane in Mount Vernon, Franklin County, Texas 75457.

15. In June 2018, Lowe's operated a Distribution Center at 955 Lowes Lane in Mount Vernon, Franklin County, Texas 75457.

16. Lowe's employed Price beginning in Year 2006.

17. Lowe's employed Price beginning in January 2006.

18. Lowe's employed Price beginning on January 9, 2006.

19. Lowe's ceased employing Price in June 2018.

20. Price's last day on Lowe's payroll was June 26, 2018.

21. When it employed Price during Year 2018, Lowe's had Price working as an Auditor.

22. When it employed Price during June 2018, Lowe's had Price working as an Auditor.

23. On his last day while on Lowe's payroll, Price was over forty years of age.

24. When it employed Price in Year 2018, Lowe's was unaware of Price suffering from

any disability that prevented him from performing any of his essential job duties as an Auditor for Lowe's.

25. When it employed Price in Year 2018, Lowe's was unaware of Price suffering from the loss of any necessary professional license that prevented him from performing any of his essential job duties as an Auditor for Lowe's.

26. When it employed Price in Year 2018, Lowe's was unaware of Price suffering from any occurrence that rendered him unfit for his job as an Auditor at Lowe's.

27. Lowe's discharged Price.

28. It was Ms. Jenna Foster who, on behalf of Lowe's, told Price he was fired.

    A. In June 2018, Lowe's employed Foster as its "Night Operations Manager" at the Lowe's facility referenced in paragraph 15 *supra*.

29. When Foster told Price about Lowe's decision to discharge him, Foster said that Lowe's had made its discharge decision because, according to Lowe's, Price had "*violated company policy*."

    A. Foster did not bother to tell Price the specific "*company policy*" Lowe's contended that Price had supposedly "*violated*."

    B. Foster did not tell Price any other reason(s) for its discharge decision other than uttering the phrase "*violated company policy*."

30. In deciding to discharge Price, Lowe's treated Price more harshly than it treated other Lowe's employees who hold similar jobs to the one held by Price but are substantially younger in age than Price.

31. After Lowe's discharged Price, Lowe's replaced Price with an individual who, according to Lowe's records, was under forty years of age.

32. After Lowe's discharged Price, Lowe's had an individual perform the essential job duties that Lowe's previously had Price perform during his employment with Lowe's in June 2018 but who, according to Lowe's records, was under forty years of age.

33. After Lowe's discharged Price, Lowe's replaced Price with an individual who, according to Lowe's records, is more than ten years younger than Price.

34. After Lowe's discharged Price, Lowe's had an individual perform the essential job duties that Lowe's previously had Price perform during his employment with Lowe's in June 2018 but who, according to Lowe's records, is more than ten years younger than Price.

35. On August 10, 2018, Price signed an EEOC Form 5, titled "Charge of Discrimination.

36. On August 10, 2018, the undersigned counsel, on behalf of Price, mailed the "Charge of Discrimination" referenced in paragraph 35 *supra* to the U.S. Equal Employment Opportunity Commission ("EEOC").

37. According to a "green card," EEOC received the "Charge of Discrimination" referenced in paragraph 36 *supra* on August 22, 2018, after which EEOC assigned to that Charge of Discrimination the following number – 450-2018-06733 (hereinafter "Charge").

38. EEOC has had the Charge on file for than sixty days.

39. EEOC has had the Charge on file for more than sixty days, and at no time during those sixty days, or at anytime thereafter, has EEOC commenced an action to enforce Price's rights under the ADEA.

40. On February 7, 2019, EEOC's District Director signed a form titled "Notice of Right to Sue (Issued on Request)."

41. On February 7, 2019, EEOC's District Director signed a form titled "Notice of

Right to Sue (Issued on Request)," and EEOC mailed a copy of that form to the undersigned counsel.

42. On February 7, 2019, EEOC's District Director signed a form titled "Notice of Right to Sue (Issued on Request)," and EEOC mailed a copy of that form to an individual named Ms. Kristin Henderson, who at the time was employed by Lowe's Companies, Inc. as a paralegal.

43. Price has filed this action in fewer than ninety days from the date when EEOC's District Director signed the form referenced in paragraph 40 *supra.*

44. As a result of Lowe's conduct, including the foregoing, Price has sustained financial losses, and Price is continuing to sustain financial losses.

### Count One – ADEA -- Discrimination (Discharge)

45. Price re-alleges and incorporates by reference all allegations set forth in paragraphs 11 through 44.

46. The ADEA makes it "unlawful for an employer -- (1) to . . . discharge any individual … because of such individual's age[.]" 29 U.S.C. §623(a). Lowe's violated this statute when it discharged Price.

47. Price is entitled to an award of back pay, interest on back pay, reinstatement or in the alternative front pay, the value of lost employment benefits, and other appropriate legal and equitable relief within the scope of 29 U.S.C. §626(b).

48. Lowe's violation of the ADEA was willful. Accordingly, Price is entitled to an award of liquidated damages in addition to equitable relief. 29 U.S.C. §626(b).

49. Price is entitled to recover reasonable attorney's fees and costs pursuant to 29 U.S.C. §626(b).

## Jury Demand

50. Price demands a jury on all issues so triable. FED. R. CIV. P. 38(b)(1).

## Request for Relief

Based on the foregoing, Plaintiff David Price asks that Defendant Lowe's Home Centers, LLC appear and answer, that Price have final judgment against Lowe's as set forth herein, and that Price have all such other and further relief to which he may be justly entitled.

Dated: March 21, 2019

Respectfully submitted,

By: */s/ Wade A. Forsman*
_____

**Wade A. Forsman**
State Bar No. 07264257
P.O. Box 918
Sulphur Springs, TX 75483-0918
Tel.: 903.689.4144 East Texas
Tel.: 972.499.4004 Dallas Fort Worth
Fax: 903.689.7001
wade@forsmanlaw.com

**Attorney for Plaintiff David Price**